IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

JESUS CASTRO CRUZ

Plaintiff Pro Se

vs.

Municipality of Caguas

It Mayor: William Miranda Torres in its

official capacity

Commonwealth of Puerto Rico, Company A,B,C

John Doe and Jane Doe, or legal entity

CIVIL NO. 24-1461 (MAJ)

RECEIVED CASHIER
CLERK'S OFFICE USDC PR
2024 SEP 30 PM 4:47

RECEIPT # 114043
AMOUNT: $405.00
SEP 30 2024
CASHIER'S SIGNATURE

**COMPLAINT**

**I. Statement of Jurisdiction:**

**1.** The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

(June 25, 1948, ch. 646, 62 Stat. 930; Pub. L. 85–554, § 1, July 25, 1958, 72 Stat. 415; Pub. L. 94–574, § 2, Oct. 21, 1976, 90 Stat. 2721; Pub. L. 96–486, § 2(a), Dec. 1, 1980, 94 Stat. 2369.)

**II. Statement of the Parties:**

**2.** My name is Jesus Castro Cruz. **I am a PRO SE litigant**. live in Celis Aguilera # 69 Juncos P.R. My postal direction is PO Box 735 Juncos PR 00777. My telephone number is (787) 638-4155. I am the Plaintiff.

3. My claim, complaint and demand is to Municipality of Caguas (MAC), its Mayor, William Miranda Torres, Apartado 907, Caguas PR, 00726-0907. Any other legal entity, responsable of the acts claimed here and in the future.

4. I maybe claim against the Commonwealth of Puerto Rico (ELA) and or any agencies or autonomous public corporation of the Commonwealth of Puerto Rico, once the controversy matures in this complaint process. Address of the Attorney General is Departamento de Justicia, Teniente Cesar Gonzalez Ave. # 677, Floor 5, Jesús T. Piñero Avenue square, San Juan, PR 00919

5. There is a possibility that officials and individuals (John Doe/ Jane Doe), with their actions, or inaction, have affected my right to equal protection of the laws, access to justice and contributed to the discrimination against me and the reprisals that have been taken against me.

6. There is a possibility that companies and legal entities, with their actions, or inaction, have affected my right to equal protection of the laws, access to justice and contributed to the discrimination against me and the reprisals that have been taken against me.

**III. Statement of Claims**:

7. In general, the current federal question in this complaint is about the constant retaliation in various processes and situations against Jesus Castro Cruz for his previous claims against the Municipality of Caguas. In addition, the fact that equal protection of the laws is not allowed, making things easier for other people and more difficult for me to achieve my meritorious goals, not complying with the principle of merit in public employment. Since various job classifications have not been correctly

classified. Or created. And others, until now, have not been created, violating laws, which also constitutes the violation of equal protection of the laws. **Discrimination by age (ADEA) and color is also configured due to various controversies that have been exposed from the beginning in the EEOC, until today.** There are also elements related to the <u>ADA law</u>. These controversies have matured in processes such as the Classification and Compensation Plan of the Municipality of Caguas and positions occupied by people who do not surpass Mr. Castro on the principle of merit. And in addition, the Municipality of Caguas, hereinafter MAC, has sought to create confusion and further to threaten my access to justice.

**8.** There is a high possibility that the controversy against the Commonwealth of Puerto Rico, hereinafter ELA, or Commonwealth, will be established, or in other words, will mature. Perhaps retaliation could be applied, but the most likely thing that could arise with the ELA is discrimination, including discrimination that is not a federal jurisdiction, discrimination based on social condition. But it becomes a federal matter when that discrimination becomes a violation of equal protection of the laws. It could also arise that the ELA is part of the controversy due to complicity. We have to see how everything matures.

**9.** Whether it is set up against companies and individuals will depend on what is brought to maturity. For payment, for discrimination or some other cause. We must wait for the process of discovery of evidence, since until now the MAC has not wanted to be clear on one hand and ambivalent on the other, to show in the past what it had to show. To use the same techniques that it has used in ELA forums. To create technicalities and to

be able to perpetuate the abuse. And that is also why the ELA can end up having claims against it. **It is clear that the controversies of this complaint are completely new.**

**10.** It is being claimed that by not correctly classifying Mr. Castro Cruz's employment position, the Municipality of Caguas has harmed his present and future income that he would receive from the Federal Social Security. **This has become another federal issue.** It is important to highlight that my social security is being affected by the failure to comply with equal protection of the laws and also the fact that they are impeding my access to justice, either directly or indirectly, due to actions or inactions that harm my right to due process of law.

### IV. Statement of facts:

**11.** Exhibit 1 is the Determination and Notice of Rights from EEOC. Exhibit 2 and 3 is about I claim against Caguas in the EEOC. Apply all the claims at this exhibit. **Specialy exhibit 3**. The EEOC, never assign a number to this controversy. And the violation here is retaliation plus many others violations, about ADEA and ADA laws. See the complain. The situation with Edwin Ortiz Arroyo is part of this complaint not numbered by EEOC. He was appointed supervisor, above Jesus Castro, without having any greater qualifications than him and being white. With the future discovery of evidence, everything will become more clear.

**12.** The interference of the cases Sanches Valle (No. 15-108), Aurelius Investment, LLC (No. 18-1334), Vaello-Madero Case (United States v. Vaello Madero, 596 U.S. ___ (2022), Califano Vs Torres [435 U.S. 1 (1978)], Harris v. Rosario, 446 U.S. 651 (1980))

is incontrovertible and it is requested that it be taken into consideration, depending on the direction that this controversy takes.

**13.** It is an incontrovertible fact that I am emotionally ill. See exhibit 4. And that was generated by the various work situations. Having written that, it is another incontrovertible fact that Caguas is a Tree City USA, because arboricultural work is carried out. It is an incontrovertible fact that laws 213 of 1999 and 265 of 2006, the agronomy law and others are in force and are required to comply with the federal regulation of equal protection of the laws. The proper contribution of the employer to social security is a federal issue. And if there is not the proper compensation to make the proper contribution to social security, for not making the proper labor classification, that could become a federal issue. There is the possibility that if the actions of the companies that are involved in this controversy violate the interstate commerce clause, they also become a federal issue.

**14.** There are some many agency that receive federal funds. Many institution in Puerto Rico, including agency like Departamento de Recursos Naturales y Ambientales and some Universities, receive federal funds. And other federal institutions have jurisdiction here in Puerto Rico, as de USDA Forest Service, called in Puerto Rico, Instituto de Dasonomia Tropical (International Institute of Tropical Forestry). I have a health condition that is being affected by the inaction of the Municipality of correctly classify, not respecting my supervisory functions. And my staff properly classified in charge. **So is necessary that every position related to the management of arboriculture in Caguas, Puerto Rico, Caguas do the proper maintenance of the classification plan of the Municipality of Caguas (MAC)**. <u>Caguas do not give that proper maintenance,</u>

<u>violates the due process of law and equal protection of the laws.</u> Elements present in the United States Constitution. And that rape is extended to other agencies that have not complied with their ministerial duty to ensure that protects and complies with the principle of merit. Other persons has been reclassified them favorably and promoted in other instances. AS in the case of Edwin Ortiz, white man, that MAC gave him the position of supervisor without having my qualifications. That sets the unequal treatment. In these instances it is fair-skinned people and / or younger. And there are others also promoted or reclassified. My previous case at EEOC is case # 515-2015-00547. This case is in appellation in United States Court of Appeals for the First Circuit, in Boston. This case is in stay, because of the bankruptcy of the Commonwealth (ELA). **My actual case is 515-2023-00386**. In that document, I refer cases of two young white complexion were promoted. There are more cases. Must await the discovery process tests So hence my complaint of discrimination is set by age and color. And the retaliation is configured for having inaction on the due maintenance Plan classification. But the Municipality of Caguas insist that teams use some unfit to work lifting unit and expose myself to more injury to an injury generated at work, for failing to comply with due maintenance on the classification scheme. And other considerations. Other more recent cases of violation of the principle of merit and age discrimination plus retaliation are the cases of Dylan Guzman Galarza and Anthony Claudio Martinez, who were appointed Municipal Inspectors and neither of them surpass me on the principle of merit.

15. I claim that at Caguas not create the position of Professional Planting Municipal (Profesional de Siembra Municipal), according to the law of Puerto Rico, 213 August 1999, it violates the equal protection of the laws, due process and it could also be to

retaliation and discrimination, which is abound in his merits during discovery of evidence and the hearing on its merits. I have some qualifications more previous considerations apply that make me the most suitable for the position. **And this is also part of maintenance due to MAC Classification Plan.**

**16.** Was given evidence, which came into knowledge that is logical in a function de jure what a Management Tree Crew Leader, as established by the organization of ISA, with the logic that demands the law # 184 Personal Public Service in PR. And if I analyze it, he would have discovered gaps regarding my current classification. Also what is the role of worker jure, de facto functions as aerial lift operator, according to the organization chart of the ISA (International Society of Arboriculture). See the evidence presented to EEOC, and the rest of the annexes).

**17. Municipal Code of Puerto Rico.**

Act No. 107 of August 14, 2020.

Each municipality shall establish an autonomous system for the administration of municipal human resources.

Said system shall be governed by the principle of merit, so that it promotes a public service of excellence on the foundations of equity, justice, efficiency and productivity, without discrimination based on race, color, sex, birth, age, sexual orientation, gender identity, origin or social condition, or for political or religious ideas or for being a victim of domestic violence. This system must be consistent with the guidelines prepared by the Office of Administration and Transformation of Human Resources of the Government of Puerto Rico (OATRH) pursuant to Act 8-2017, as amended, known as the "Act for the Administration and Transformation of Human Resources in the Government of Puerto

Rico." Article 2.046 — Essential Areas of the Merit Principle. The following areas of municipal human resources administration shall be considered essential to the merit principle: (a) Job classification, (b) Recruitment and selection, (c) Promotions, transfers and demotions, (d) Training and (e) Retention.

**18. Act No. 107 of August 14, 2020.** Article 2.048— Provisions on Recruitment and Selection

Every municipality shall offer the opportunity to fill career or temporary positions to any qualified person interested in participating in the public functions of the municipality. This participation shall be established based on the merit of the candidate, without discrimination based on race, color, sex, birth, age, sexual orientation, gender identity, origin or social condition, or political or religious ideas.

Article 2.047— Provisions on Job Classification in its subsections c and d: The classes shall be grouped based on an occupational or professional scheme that shall be an integral part of the classification plans.(c) Assignment of salary scale classes — Municipal appointing authorities shall determine the relative value of the salary scale according to the classes comprising the classification plan taking into consideration the following factors: the nature and complexity of the functions, degree of responsibility and authority exercised and received, working conditions, risks inherent to the job, and minimum requirements of the position. The job classes shall be assigned to the salary scales contained in the compensation plan based on the hierarchy determined for each class. Each municipal appointing authority shall prepare separate job classification plans and compensation plans for career and confidential services. The classes

comprising these plans shall be arranged according to a professional and occupational scheme and shall be assigned a class number according to said scheme. Every position must be classified within the corresponding career or confidential classification plan. Appointments may only be made to positions that are classified in classification plans. If the contrary is done, the appointment or personnel action shall be void.

**19. Article 2.047— (d) Maintenance of the classification plan — It shall be the** responsibility of the Mayor or the President of the Municipal Legislature to create, eliminate, consolidate and modify the job classes included in the classification plan of their respective jurisdictions, so that it remains current, to reassign any job class from one compensation scale to another contained in the compensation plan, as well as to reclassify positions and arrange for changes in duties, authority and responsibility as provided by regulation.

**V. Statement of relief:**

**20.** Plaintiff demands judgment against Municipality of Caguas, severally, as follows:

(i) for compensatory damages in the amount of five hundred thousand ($500,000.00) dollars

(ii) Punitive damages in the amount of five hundred thousand ($500,000.00) dollars. Attorney fees is there is an attorney is named for the court. Or in any other manner. And, (iii) such other and further relief as this Honorable Court finds just and equitable. These amounts and claims may vary once I receive a due guide or the court assigned an attorney appointed me.

**21.** Plaintiff demands, Once the controversy matures, judgment against any other legal entity such as Commonwealth of Puerto Rico, (ELA), Jane or John Doe, Company ABC, or any other entity responsible for compensatory damages in the amount of five hundred thousand ($500,000.00) dollars and Punitive damages in the amount of five hundred thousand ($500,000.00) dollars. Attorney fees is there is an attorney is named for the court. And such other and further relief as this Court finds just and equitable. These amounts and claims may vary once I receive a due guide or the court assigned an attorney appointed me.

**22.** In the other hand, I entreat that this Honorable Court, assigned me a lawyer. Or failing force yourself to one or several universities to properly guide me on how to take my case and / or help me to acquire the jurisprudence applicable to my case to litigate opportunity to access to justice.

**23**. That Caguas need to meet a logical and fair and legal maintenance Classification Plan. As suggest ISA (International Society of Arboriculture). Where my classification of Tree Management Crew Leader (Lider de Brigada de Manejo de Arboles, in Spanish) undoubtedly, is considered one of supervision, with due support from Caguas. In addition and depending what believe this court, that also be created the classification position called in spanish "Profesional de Siembra Municipal", and I, Jesus Castro ocuppy that position. Because have the merit for it and be eligible. It in the way that the law 213 of 1999 of Puerto Rico indicates. Or at least, compite for it.

**24.** I beg I will be duly compensated as supervisor, really as a technical supervisor with all applicable raise earned until know.

25. I beg that Caguas, cease and desist continue to discriminate and create mechanisms to avoid discrimination and retaliation to my person. And that protect my health in a fair manner.

I beg that Caguas turn my job position Tree Management Crew Leader (Lider de Brigada de Manejo de Arboles) or classification as one as supervisor. And pay as a technical supervisor. Or at least as a technical work. With all applicable raise earned until now. Doing all necessary thing to achieve that is achieved in a fair and orderly manner.

26. I beg this Honorable Court to grant me more time to perfect this appeal, due to my emotional situation and to submit a motion in forma pauperis so that I can better afford the high cost of transcribing the record. It is also requested that EEOC present the entire record of this case and that the Municipality of Caguas present the entire record of this case, translated, because I was prejudiced by the EEOC not accepting my case. Respectfully submitted.

In Juncos PR at September 30, 2024

*[signature]*

JESUS CASTRO CRUZ

PO BOX 735, Celis Aguilera # 69,

Juncos PR 00777

(787)638-4155

email: jccj12@hotmail.com